**Jacqueline LUCIDO, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 03–2501.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2004.

James T. Miller, Romeo, MI, for Plaintiff–Appellant.

Depak Sathy, Office of the General Counsel, Chicago, IL, for Defendant–Appellee.

Before: CLAY and GILMAN, Circuit Judges; and MATIA, District Judge.*

*ORDER*

Jacqueline Lucido, who is represented by counsel, appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation.

Lucido filed her application for social security disability insurance benefits on May 14, 1998. Lucido was born on July 22, 1951, and has a high school education. She previously worked as a computer clerk and a clerical worker. Lucido was allegedly disabled due to chronic low back pain with radiculopathy.

After a hearing, an administrative law judge (ALJ) found that Lucido could perform a substantial number of jobs in the economy. Therefore, the ALJ denied benefits. The Appeals Council granted Lucido's request to review the ALJ's decision. The Appeals Council vacated the ALJ's decision and remanded the application for a new hearing. After a second hearing, the ALJ again denied Lucido's request for benefits. The Appeals Council declined to review the ALJ's second decision. Lucido then filed a civil action seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court granted Lucido a closed period of benefits from August 1, 1994, through April 1, 1996.

Our review is limited to whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997). We must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence would support a contrary decision. *Id.*

█ Lucido challenges the ALJ's first decision of November 17, 1991, on several grounds. Lucido refers to the "first decision" of the ALJ and argues that the ALJ did not consider some of the reports from Dr. Montgomery and improperly gave more weight to the opinion of Dr. Iams over the opinion of Dr. Montgomery. However, Lucido fails to realize that the Appeals Council granted her request to review the ALJ's decision. The Appeals Council vacated the ALJ's decision of November 17th, and remanded the case to the ALJ for a new decision. The Appeals Council's remand order voided the November 17th decision. Because the Appeals Council vacated the ALJ's November 17th decision, Lucido's arguments challenging that decision are not properly before the court. The only decision that is before the court is the ALJ's decision of June 3, 2002.

█ Lucido challenges the ALJ's credibility determination. Lucido asserts that the ALJ conducted a "sit and squirm" analysis when he evaluated her allegations of pain. Credibility determinations rest with the ALJ. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). In evaluating Lucido's allegations of severe pain, the ALJ noted that Lucido testified that she was able to bathe and dress herself. She carries some groceries that are not too heavy. Lucido's husband and daughter do most of the housework. Lucido stated that she experiences a shooting pain down her leg. Although her medications have been helpful, they have resulted in side effects.

The ALJ found that Lucido's testimony was not entirely credible. The ALJ noted that Lucido had full muscle strength in the upper and lower extremities. Lucido's sensation was only mildly decreased in the lower extremities and in the L4 and S1 regions of the spine. There was no indication of a neurological deficit. The ALJ noted that Lucido sat through the administrative hearing. Her demeanor, manner, and appearance were appropriate, and her ability to remember items was excellent. The ALJ noted that Lucido appeared to have a normal gait and rose to leave the hearing in a usual manner. Although Lucido testified that she lies down on a daily basis, this restriction was not reported to any doctor, nor was

this action recommended by any doctor. Because the medical evidence did not support Lucido's allegations regarding the severity of her conditions, the ALJ's credibility determination is supported by substantial evidence.

Accordingly, we affirm the district court's order.